1

2

3

4

5

6

7

8

9                           **UNITED STATES DISTRICT COURT**

10                          EASTERN DISTRICT OF CALIFORNIA

11

12   WILLIAM H. GARRISON, II,              Case No. 1:13-cv-02096 DLB PC

13              Plaintiff,                 ORDER DISMISSING COMPLAINT
                                           WITH LEAVE TO AMEND
14        v.
                                           THIRTY-DAY DEADLINE
15   MARGARET MIMS, et al.,

16              Defendants.

17

18        Plaintiff William H. Garrison, II, ("Plaintiff") is a prisoner proceeding pro se and in forma

19   pauperis in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on December 27,

20   2013.[1]  He names Margaret Mims as Defendant.

21   **A.    SCREENING REQUIREMENT**

22        The Court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

27   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

28

---

[1] On February 5, 2014, Plaintiff consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.**    **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently housed at Fresno County Jail where the events giving rise to this action took place.

Plaintiff states he has been diagnosed with a hernia and is suffering from abdominal pain on his right side.  He states he has submitted several medical requests and grievances, and after fourteen days, nothing has been done.

Plaintiff requests money damages, medical attention, and to have his medical issues resolved.

2

1

2

C.   **DISCUSSION**

3

    1.   Linkage

4

    Under section 1983, Plaintiff must link the named defendants to the participation in the

5

violation at issue.   Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009);

6

Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of

7

Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

8

2002).   Liability may not be imposed under a theory of *respondeat superior*, and there must exist

9

some causal connection between the conduct of each named defendant and the violation at issue.

10

Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75

11

(9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v.

12

Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

13

    In this case, Plaintiff fails to link any defendants to any challenged conduct.  "A supervisor

14

may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2)

15

there is a sufficient causal connection between the supervisor's wrongful conduct and the

16

constitutional violation."   Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (internal

17

quotation marks and citation omitted).  Thus, Plaintiff fails to state a claim against any defendant.

18

Plaintiff will be provided with an opportunity to file an amended complaint.

19

    2.   Eighth Amendment – Deliberate Indifference to Medical Need

20

    To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must

21

show deliberate indifference to his serious medical needs.   Jett v. Penner, 439 F.3d 1091, 1096 (9th

22

Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks

23

omitted).  The two-part test for deliberate indifference requires the plaintiff to show (1) a serious

24

medical need by demonstrating that failure to treat a prisoner's condition could result in further

25

significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response

26

to the need was deliberately indifferent.   Jett, 439 F.3d at 1096 (quotation marks and citation

27

omitted).  Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's

28

pain or possible medical need, and harm caused by the indifference.   Id. (citation and quotation

marks omitted).  Deliberate indifference may be manifested when prison officials deny, delay or

intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.  Id. (citation and quotations omitted).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Here, Plaintiff's allegations fail to demonstrate that any defendant acted with deliberate indifference to a serious medical need.  Plaintiff has not sufficiently alleged that any defendant "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Isolated occurrences of neglect do not rise to the level of an Eighth Amendment violation.  O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (quotation marks omitted); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  In addition, mere negligence is not deliberate indifference.  Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  Plaintiff will be provided an opportunity to file an amended complaint to present a cognizable claim.

## D.   CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with an opportunity to file an amended complaint.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

4

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   __December 2, 2014__            _____ /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE